[Civ. No. 15181.   Second Dist., Div. One.   June 12, 1946.]

OLA A. HEATH, Appellant, v. LOUIS KEYSER, Respondent.

Samuel P. Young for Appellant.

Jennings & Belcher and Louis E. Kearney for Respondent.

DORAN, J.—In an action for damages for personal injuries plaintiff appeals from a judgment entered on a directed verdict for defendant.

From the agreed statement in lieu of a reporter's transcript, it appears that defendant owned and operated a parking lot in downtown Los Angeles; that about 8 p. m., October 17, 1944, "Plaintiff and her daughter were on their way by auto to a lecture at the Trinity Auditorium in downtown Los Angeles, which lecture was scheduled to commence at 8 p. m. Defendant's parking lot was immediately west of this auditorium. Plaintiff's daughter drove the automobile into defendant's parking lot at about 8 p. m. The auto entered the parking lot by way of the westernmost driveway at Ninth Street, driving north, and at a point approximately 20 to 30 feet north inside the lot the daughter made a right turn facing the car easterly, and came to a stop a short distance east of the driveway by which they had entered.

"While the motor was running and the headlights lighted, plaintiff and her daughter alighted from the automobile, plaintiff getting out on the right side and the daughter getting out on the left side, and each of them walked towards the rear of their automobile.

"When the daughter reached a point approximately one or two feet to the rear of the auto at its left side, the defendant walked up to the daughter and the daughter said to defendant: 'I left the key in the car; will you park the car for me?', and the daughter handed defendant some money, part of the parking fee, and asked plaintiff if she had the balance of the fee, whereupon defendant walked over to plaintiff who had stopped at a point approximately several feet to the right side and four to five feet to the back of the auto, to wait for her daughter. As defendant walked over to where plaintiff was standing, another auto drove onto the lot from Ninth Street, and defendant pointed to the northwest in the parking lot (to the rear and to the left of the plaintiff's automobile) and said to plaintiff's daughter, 'You park the car right over there yourself.' Plaintiff heard her daughter reply that she and plaintiff were in a hurry. Plaintiff did not see her daughter after that, and did not know that her daughter was going to park the car.

"Plaintiff, in looking in her purse for the balance of the parking fee, turned partially around so that she was facing the light at the station, and her back was then to the auto-

mobile; the defendant was facing her and was in front of and near her at that time.

"Unbeknown to plaintiff, while plaintiff was looking in her purse for the balance of the parking lot fee with her back to the automobile, and without any warning to plaintiff, the daughter had re-entered the auto and slowly started backing up the automobile and at the same time executing a turn, causing the rear of the car to turn to her left, and the front side of the auto hit plaintiff, throwing her to the ground."

In addition to the foregoing, quoted from appellant's brief, it is agreed by the parties that "There is no dispute that plaintiff was an invitee of the defendant at the time and place of the accident." Plaintiff offered to prove "a prevailing custom of care and conduct followed by operators of parking lots in the operation of public parking lots, including defendant's public parking lot, at the time of the accident, which custom was known to plaintiff and relied upon by her, and which custom was not followed by defendant at the time of the accident." An objection to such offer was sustained.

■ It is contended by appellant that the refusal of defendant to permit evidence of custom, was error. In that connection it is argued,

"As stated in the offer of proof, the custom of not allowing customers to park their own cars was 'for the reason that they (parking lot owners) have found that accidents would be caused (if this custom were not followed) and damage (would be caused)·to property or persons on the lot.'

"The custom was distinctly one that was followed for the safety of customers and invitees such as plaintiff herein. Ordinarily a parking lot owner or attendant does not know how careful or skillful the driver of a car will be in parking a car, especially backwards." The cases cited both by appellant and respondent on the question of "custom" are of no help. On account of a lack of sufficient resemblance between the facts in the cited cases and the facts in the within action, they are of little value.

Obviously, what constitutes the best method of parking automobiles in a parking lot is simply a matter of opinion and one parking lot owner is not bound by the opinions of others in that regard. Indeed, some automobile owners might advocate the owner's privilege to park the car as the best and safest method. Hence, so-called "custom," in the circumstances, was evidence of neither negligence nor diligence. The

880

objection was properly sustained. Moreover, so far as the record discloses, appellant's daughter was licensed to operate an automobile and suffered no visible physical impediments that would tend to interfere with such operation at the time of the accident.

It is also contended that, "A. A Keeper of a Public Place of Business Is Bound to Keep His Premises and the Passageways in a Safe Condition and to Use Ordinary Care to Avoid Accidents to Invitees." "B. Defendant, Having Possession of the Auto as a Bailee, Was Liable for Damages Caused to Plaintiff by Reason of the Negligent Handling of the Automobile, the Subject of the Bailment." "C. The Evidence Was Sufficient to Support an Implied Finding That the Plaintiff's Daughter Was Acting as the Agent of the Defendant at the Time Plaintiff Received Her Injuries." And that the evidence of defendant's acts and omissions with regard to these three above mentioned contentions established negligence.

The foregoing contentions and arguments in support thereof are only plausible. Actually, there is no evidence that the premises were in an unsafe condition and defendant's directions to plaintiff's daughter, "you park the car right over there yourself," manifestly created no agency. It may be true, and may be conceded for the sake of argument, that upon the delivery of an automobile in a parking lot and the complete surrender of its operation to the parking lot owner or attendant, who thereafter is in exclusive possession of the property, the relation of bailor and bailee may exist, but no such situation is presented here. Appellant's contentions therefore cannot be upheld.

For the foregoing reasons, the judgment appealed from is affirmed.

York, P. J., and White, J., concurred.